USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2201 BETTY LORD, ET AL., Plaintiffs, Appellants, v. TOWN OF LINCOLNVILLE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ David M. Glasser on brief for appellants. ________________ Edward R. Benjamin, Jr., Elizabeth A. Campbell and Preti, __________________________ _______________________ ______ Flaherty, Beliveau & Pachios, L.L.C. on brief for appellee Town of _____________________________________ Lincolnville. ____________________ April 25, 1997 ____________________ Per Curiam. On October 2, 1993, Roderick Lord was __________ severely injured in an automobile collision that occurred at an intersection within the geographical boundaries of the Town of Lincolnville, Maine. Contending that the intersection is inherently dangerous and that the Town is responsible, Lord's legal guardians brought suit against the Town under 42 U.S.C. 1983. The district court dismissed the complaint for lack of jurisdiction. This appeal followed. The sole issue on appeal is whether a claim under the Due Process Clause lies in this case. We think not. As the Supreme Court made clear in Collins v. City of Harker _______ _______________ Heights, 503 U.S. 115, 126-27 & n.9 (1992), the Federal _______ Constitution is not a guarantee of certain minimal levels of safety and security. See also DeShaney v. Winnebago County ________ ________ ________________ Dep't of Social Servs., 489 U.S. 189, 194-97 (1989) (holding _______________________ that a State's failure to protect an individual against private violence generally does not constitute a violation of the Due Process Clause, because the Clause imposes no duty on the State to provide members of the general public with adequate protective services). Nor may the Due Process Clause be used to supplant state tort law claims. Collins, _______ 503 U.S. at 128; see also Frances-Colon v. Ramirez, 107 F.3d ________ _____________ _______ 62, 63-64 (1st Cir. 1997) (rejecting plaintiffs' attempt to clothe malpractice claim in civil rights language). -2- Appellants' various attempts to distinguish Collins and _______ DeShaney fail. ________ First, contrary to appellants' suggestion, a decision whether or not to purchase and install four-way stop signs involves the allocation of financial resources and requires the decision-maker to balance competing social needs. Such decisions are best made by locally elected representatives "rather than by federal judges interpreting the basic charter of Government for the entire country." Collins, 503 U.S. at 128-29; see also Lewellen v. _______ _________ ________ Metropolitan Gov't of Nashville & Davidson County, 34 F.3d ___________________________________________________ 345, 351 & n.5 (6th Cir. 1994) (applying Collins), cert. _______ _____ denied, 115 S. Ct. 903 (1995).  ______ Second, we reject appellants' suggestion that Lord was in the functional custody of the Town of Lincolnville. Lord voluntarily chose to drive his car on Ducktrap Extension Road. Cf. Searles v. Southeastern Penn. Trans. Auth., 990 ___ _______ ________________________________ F.2d 789, 792 (3d Cir. 1993) (observing that plaintiff was not deprived of his liberty when he voluntarily chose to ride elevated train). Moreover, an individual is not deprived of his liberty by virtue of being subject to laws. Finally, we do not think appellants' can rely on a state-created danger theory. Cf. Searles, 990 F.2d at 793 ___ _______ (rejecting attempt to distinguish Collins where plaintiff _______ alleged that municipal transit authority created a danger by -3- failing to maintain railcars in safe operating condition). To the extent that the Town can be held responsible, Lord's injuries resulted from the Town's failure to act (namely, a failure to remove visual impediments and a failure to alert drivers to the danger). The case simply does not involve "injury directly caused by a state actor's affirmative act in the traditional sense." Id. ___ Affirmed. See Loc. R. 27.1. ________ ___ -4-